George *v.* Gillespie.

## GEORGE, ADM. &c., &c. *v.* GILLESPIE.

It is a good defence to an action, if established, that the same subject matter in controversy had been once adjudicated.

Under the statute, failure of consideration or fraud can be set up as a defence to a promissory note.

The payee had his election either to sue on the note or on the original promise. In an action on the note it is admissible to show by the transcript of the record and by parol evidence, that the matters in controversy had been de-

---
George *v.* Gillespie.
---

termined by a former suit on the original promise, and that the same defence of fraud and want of consideration was set up in both actions.

The defence of former recovery, or of former adjudication, may be urged under the general issue.

## Error, *to Jefferson District Court.*

This suit was commenced before a judge of probate, on a promissory note made by John George, deceased, to the defendant in error. The probate court refused to allow the note, and an appeal was taken to the district court.

The defendant below, as administrator of the intestate, John George, contended that the plaintiff was estopped from putting the note in litigation because it had been once adjudicated between the plaintiff and the maker of the note, and offered in evidence as a bar to the action the records of the former suit, and also oral evidence of the identity of the parties, and to show that the instrument sued on was given for the same consideration money, on the same contract for a claim upon the public lands; that both suits were for the same object,—the former on an implied or parol promise, and the present suit on a written promise to pay the same liability—the consideration money for the claim. The record and parol evidence being objected to by the plaintiff, were ruled out and excluded from the jury, by the court.

The defendant then proposed offering the record as evidence of fraud, of drunkenness, and want of consideration in the transaction upon which the note was given, and to follow it up with oral evidence of those facts; and to show that they constituted the grounds of defence in the first trial in which the plaintiff failed to recover; but on objection the court decided the evidence inadmissible for those purposes. Other questions arose upon the trial, but as they are not involved in the decision of the case it is not necessary to state them. The plaintiff obtained a verdict and judgment for the amount due on the note.

*J. C. Hall,* for the plaintiff in error. The court below

George *v.* Gillespie.

erred in refusing to let the record and parol evidence go to the jury as a bar to the plaintiff's action. The transcript shows a note for the sale of a claim, and in terms it corresponds with the character of the note in this suit. The date is the same, the amount is the same, the time of payment is the same. The defendant below then offered to prove by parol that the same defence was made then as at bar, that the plaintiff can sue for the original consideration ; see *Cole* v. *Sackett*, 1 Hill, 516 ; 1 American Law Magazine, 119 ; *Muldon* v. *Whitlock*, 1 Cow. 452 ; *Frisbie* v. *Larned*, 21 Wend. 450. Then if he sued for the original consideration, and was defeated on the merits, the plaintiff can show that fact by parol, 1 Phil. on Ev. 334 ; 3 Cowen and Hill's Notes, pp. 842, 849, nn. 592, 594 ; *Gardner* v. *Bucklee*, 3 Cowen, 120 ; *Burt* v. *Sternburgh*, 4 ib. 559 ; *Brockway* v. *Kenney*, 2 John. 210 ; *Curtis* v. *Groat*, 6 ib. 168 ; *Felter* v. *Mulliner*, 2 ib. 181 ; *Young* v. *Overacker*, ib. 191 ; 1 Greenl. on Ev. 678–682.

These cases establish the position contended for by defendant below, that parol evidence is admissible to show what was decided by the verdict and judgment offered in evidence ; also, that with such evidence it will be a bar to the plaintiff's action. This position cannot be shaken by the answer that the suit was not decided upon the merits— this we offered to establish ; it should have been tried.

*Wright* and *Knapp*, for the defendant. The rejection of the transcript by the court below was entirely correct. It is a well-settled rule that a record of a former trial and adjudication of the subject, unless pleaded, cannot be given in evidence in bar of the action, *Kilheffer* v. *Herr*, 17 S. and R. 325 ; *Church* v. *Leavenworth*, 4 Day, 274.

The defendant claimed that the record should be admitted as conclusive evidence of the fraud and want of consideration mentioned in the plea and contained in the record. The court decided that it was not admissible for that purpose.

And this is the second and last error assigned worthy of notice.

There is nothing in the record to show what influenced the mind of the jury ; their verdict was for the defendant, but for what reason does not appear. It cannot then be evidence, at all tending to establish the fraud alleged. It is not evidence of any question that might or might not have been decided by the verdict of the jury—or might or might not have confirmed their verdict, 1 Phil. Ev. 333 ; *Commonwealth* v. *Mortimer*, 2 Virg. Cas. 325 ; *Benton* v. *Duffy*, Cam. and Norw. 98 ; *Stephens* v. *Dunbar*, 1 Blackf. 66 ; *Kendal* v. *Talbot*, 1 A. K. Marsh, 321. And not when the case might have been determined on some other ground— for misconceiving their action, *Arnold* v. *Arnold*, 17 Pick. 4 ; *Bates* v. *Thompson*, 17 ; ib 14; 1 Greenleaf Ev. 599 ; *Loomis* v. *Green*, 78 Greenl. 386.

In this case the plain and palpable reason why the verdict in the former suit was for defendant, as will appear obvious from the record, was, that there was an out-standing sealed note for the consideration money, for which suit was brought in the first instance. This, if shown, was a good bar to the action then pending, hence it is fairer to infer that this was the reason why the verdict was for defendant than that the fraud was proved.

*Opinion by* HASTINGS, C. J.    It would have been a good defence against this action if the defendant below had proven to the jury that the same subject matter in controversy in this suit had been adjudicated in a former trial between the same parties before a court of competent jurisdiction.

The plaintiff in error offered to prove by a transcript of a record of a court having jurisdiction and by parol proof that the consideration of the note was the fraudulent sale of a certain claim on the public lands, and that the question of fraud in the sale had been passed upon by a jury, who found in favor of the plaintiff in error.

George *v.* Gillespie.

Under our statutes the same defence can be set up to a promissory note as to any contract, written or parol, on account of fraud or failure of consideration, *Rev. Stat.* p. 453, §§ 5 and 6. The judge had his election to sue on the original promise or bring his action on the note. The plaintiff in error proposed to prove to the jury that an action had been instituted on the original promise, and that the validity of that promise and the consideration inducing it had been adjudicated in that action, and that the finding of the jury was conclusive evidence of the fraud charged in the defence.

The authorities cited by plaintiff's counsel clearly show that it was competent for the plaintiff in error to prove the truth of his defence by the record of a former trial, in showing by parol or otherwise that the matters in controversy were the same. It may be that the offer of the plaintiff to introduce such evidence in bar of the action was informal, but its influence on the jury, if true, must have been to prevent a finding for the plaintiff below, or have a tendency to produce that effect. The suggestion of defendant's counsel that the first trial may not have been on the defence set up to the second action does not answer the record here, which shows that the same defence was set up in both actions. If the verdict in the first trial was not on the merits of the defence, but on the fact that there was an out-standing note, it could have been easily shown. We think the plaintiff in error should have been permitted to go to the jury with his defence, and that the jury should have been instructed to find on the questions, suggested in the defence, on the transcript of the record, and the parol proof. The proof offered would have a tendency at least to prove the defence, and the court below erred in ruling out such testimony. It is no answer that the first trial might not have been on the merits.

The defence of former recovery or adjudication can be as well taken advantage of under the general issue as by a special plea in bar. This seems now to be the more liberal

practice.    The judgment of the court below will be re-
versed, and a *venire de novo* awarded.

Judgment reversed.